(115 So. 529)

## MASSEY v. STATE. (3 Div. 583.)

Court of Appeals of Alabama. Jan. 10, 1928.

Rehearing Abated, on Account of Death of Appellant, March 6, 1928.

E. T. Graham, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. Officers went into defendant's place of business and found 2 half pints of whisky sitting on the counter. The evidence made it a question for the jury to say who was in possession of the whisky. The affirmative charge was properly refused.

The fact that 15 one-half pints of whisky in similar bottles and similar whisky were found in close proximity to defendant's place at the time the 2 one-half pints were found on defendant's counter was admissible.

We find no error in the record and the judgment is affirmed.

Affirmed.

(115 So. 695)

## PRITCHETT v. STATE. (3 Div. 576.)

Court of Appeals of Alabama. Jan. 10, 1928.

Rehearing Denied March 6, 1928.

E. T. Graham, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of unlawfully being in possession of prohibited liquors. The state proved, after proper predicate laid, what appellant's counsel call a "half-hammered confession." The appellant, on the trial, did not deny the confession, but explained it, so that, we apprehend, his counsel now describe it as "half-hammered," by saying that, at the time he made the statement impliedly admitting his ownership of the whisky, testified to by the officer, he was "joking." For his satisfaction we will say that, immediately upon discovery of 2 quarts of Old Dominion rye whisky, 27 pints of corn liquor, and 15 half pints, in a room with one situated as he was, and in a room the jury was authorized to find was occupied by him as his own, is a poor time to "joke," especially if the "joke" is to the effect that he owned the liquor. There was ample evidence to support the verdict returned.

We find no error, and the judgment is affirmed.